IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD PETERSON #20090007816,  )
                                )
            Plaintiff,           )
                                )
      v.                         )    No. 10 C 7742
                                )
DR. AVERY HART, et al.,          )
                                )
            Defendants.          )

MEMORANDUM ORDER

Cook County Jail ("Jail") inmate Richard Peterson ("Peterson") has submitted a pro se 42 U.S.C. §1983 ("Section 1983") Complaint, using the form provided by this District Court's Clerk's Office for use by persons in custody. As he has in the earlier case referred to later in this order, Peterson has accompanied the Complaint with two other Clerk's-Office-provided forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").

But in doing so Peterson has impermissibly ignored a requirement about which he was expressly informed in connection with the Section 1983 action that he filed just three months earlier. In that case, <u>Peterson v. Dart</u>, 10 C 5681, this Court had to issue a September 14, 2010 memorandum order ("Order"), just a week after the corresponding filing papers were received in the Clerk's Office, in which it (1) identified the six-month time period that necessarily had to be dealt with in addressing the Application there and (2) ordered Peterson to provide a

printout covering the transactions in his trust account at the Jail for that six-month period. After Peterson then complied substantially (though not exactly) with that directive in the Order, this Court granted Peterson in forma pauperis status in that action and appointed counsel to represent him pro bono publico.

But what has Peterson done in his current filing? Here his Application attaches a trust fund account printout that did <u>not</u> cover the proper six-month period. Instead that printout was the identical one that he supplied in response to the Order in the in the earlier case, ending with August 24, 2010. That is of course unacceptable, and Peterson had to know it.

Moreover, this Court has no way to determine from Peterson's current filings the relevant date to which the "mailbox rule" should apply.[1] Although both the Complaint and the Motion show a signature date of November 4, and although Peterson similarly dated the Application November 2, the Clerk's "Filed" stamp shows the papers were not received in the Clerk's Office until <u>December 6</u>, 2010.

Because prisoner litigation is mailed rather than hand-delivered to the Clerk's Office, there is typically a delay of a few days involved--hence the application of the "mailbox rule"

---

[1] Among other things, that date governs the relevant time period for the trust fund printout.

rather than the "filed" date.  But here more than a month separated the early November dating by Peterson and the early December date of receipt in the Clerk's Office.  That gap must be explained.

Accordingly both the Application and the Motion are denied without prejudice.  Peterson is ordered to file (1) a statement with proper support in which he identifies the relevant date for operation of the "mailbox rule" (that is, the date on which he placed his papers with Jail personnel for mailing to the District Court) and (2) a printout covering the transactions in his trust fund account at the Jail for at least the six-month period that ended with that "mailbox rule" date.  If he fails to do so on or before December 23, this Court will be constrained to dismiss both the Complaint and this action (again without prejudice).

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 10, 2010